IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

RONALD DEFUSCO,

PETITIONER,

v. : CIVIL NO. 05-157T

UNITED STATES OF AMERICA,

RESPONDENT.

---

PETITIONER'S BRIEF IN OPPOSITION TO THE GOVERNMENT'S MEMORANDUM AND OBJECTION FILED AGAINST THE §2255 PETITION. . . .

Comes now, the petitioner Ronald DeFusco, proceeding pro se in the above captioned matter, moves this Court pursuant to any and all applicable Federal Rules of Civil Procedure and Rules Governing Section 28 U.S.C. §2255 Proceedings, does now hereby, file the foregoing Brief in Opposition to the governments Memorandum and Objection. In support, the petitioner respectfully represents the following:

## INTRODUCTION

The petitioner Ronald DeFusco presents the foregoing Brief in Opposition to the governments Memorandum and Objection. It is made pursuant to the Federal Rules of Civil Procedure, and is timely filed. By and through this Brief the petitioner refutes the claims and arguments made by the government. The petitioner is not amending any issues presented in the §2255 petition, nor is he conceding to any argument raised by the government. Rather, the Brief in Opposition is to be joined with the §2255 petition awaiting judicial resolution.

## REPLY ARGUMENTS

**A. THE PETITIONER'S APPRENDI, BLAKLEY, AND BOOKER CLAIMS ARE REVIEWABLE FOR RETROACTIVITY APPLICATION.**

**B. THE PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM CAN SATISFY BOTH THE PERFORMANCE AND PREJUDICE PRONGS OUTLINED IN STRICKLAND v. WASHINGTON. . . . .**

**A.**

**THE PETITIONER'S APPRENDI, BLAKLEY, AND BOOKER CLAIMS ARE REVIEWABLE FOR RETROACTIVITY APPLICATION**

On or about January 24, 2003 pursuant to a plea agreement, the petitioner Ronald DeFusco [hereinafter "petitioner or DeFusco"] pled guilty to a 12 count indictment. Subsequent to the acceptance of the petitioner's plea, the Court ordered the Probation Department to conduct a Pre-sentence Investigation Report for sentencing purposes. Contained therein, was the recommendation that the petitioner have his sentence increased beyond that which he actually pled guilty to. Adopting the PSR Report recommendation, the District Court employed a preponderance of evidence fact finding - to determine facts not proven nor admitted by the petitioner and therefrom, increased the petitioner's statutory maximum Base Offense Level, by 18 levels, in imposing a 63 month term of imprisonment. The application of these 18 levels violates the Supreme Court's decision in United States v. Booker, 543 U.S. ___ (2005); Blakley v. Washington, 124 S. Ct. 2531 (2004); and Apprendi v. New Jersey, 530 U.S. 466 (2000). The aforementioned facts are undisputed and unopposed by the government in their response.

The government's Memorandum and Objection [hereinafter "response"] to the §2255 states three reasons sought to be used as a basis for denial of the Motion, all of which must be rejected by this Court.

The first argument against this issue states that Booker, it's holdings, and it's progeny, are not retroactive under the Teague v. Lane, 489 U.S. 288 (1989) doctrine. In support of this proposition the government relies on Schriro v. Summerlin, 124 S.Ct. 2519 (2004). The interpretation of Summerlin is misplaced. Ironically, it is Summerlin where the petitioner finds his foundation for his retroactivity proffer. While the petitioner does acknowledge that the retroactivity argument presented in Summerlin was rejected by the High Court, he contends that it was rejected because 'the possibility of inaccuracy was minimal because there, both fact-finders (Judge and Jury) were required to use the same beyond a reasonable doubt standard.

The retroactivity argument made in Summerlin is clearly dissimilar to the one made here pursuant to Booker. In a post-Booker era, this Court must agree that the facts surrounding the 18 levels of enhancements must be proven beyond a reasonable doubt. So too, must this Court also agree that the pre-Booker era had in effect, a fact-finding process which so seriously diminished accuracy as to produce an impermissibly large risk of injustice. Because the foundation of Booker rests upon both the Apprendi due process doctrine and the In re Winship, 397 U.S. 358 (1970) Sixth Amendment Right to Jury Trial with respective beyond a reasonable doubt standards, retroactivity here meets the Teague exception.

The second and third arguments raised against the petitioner's Booker, Blakley, and Apprendi claims are meritless and deserve no consideration from this Court. Page 4 of the government's response claims that the petitioner's guilty plea "complied" with the holding of Apprendi. Maybe AUSA Browne forgot to read Apprendi before making that statement. At the plea hearing, this petitioner did not plead guilty to a particular monetary amount attributable to each victim, did not plead guilty to the perjury enhancement[1/], nor did he admit or plea to engaging in mass marketing. Because the aforementioned facts were not submitted to a jury, admitted by the petitioner at his plea hearing, or proved beyond a reasonable doubt, they are thus in violation of Apprendi v. New Jersey which holds that any fact other than a prior conviction...must be submittted to a jury and proved beyond a reasonable doubt. That did not happen in this case.

Finally, the government cites in their response 2 out of circuit cases in an attempt to persuade this Court to adopt these cases holdings. See Response at 5 (citing Varela v. United States, ___ F.3d ___ WL367095 (11th Cir. 2/17/2005); United States v. McReynolds, 397 F.3d 479 (7th Cir 2005)). Both cases cited by the government have no binding effect on this United States District Court residing

1/ In fact, the petitioner was assured by the government attorney and his own defense counsel that the perjury allegation would not be pursued if he agreed to plead guilty. His decision to plead guilty was entirely predicated upon this assurance made by the government and defense counsel.

in the First Circuit. Nor is the retroactivity argument here similar to the one presented in Varela and McReynolds. It is for these reasons that the petitioner urges this Court to conduct it's own analysis on the retroactivity argument presented herein, and thereafter find that Booker is retroactive on collateral review.

B.

**THE PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM CAN SATISFY BOTH THE PERFORMANCE AND PREJUDICE PRONGS OUTLINED IN STRICKLAND v. WASHINGTON. . . . .**

The government's response to this issue lacks any direct opposition or legal authority to suggest that this claim should be denied. Instead, they make arguments as if the petitioner were arguing the validity of his guilty plea. For example, page 6 of the Response states that the petitioner was "advised and agreed that he understood that by pleading guilty he was relieving the government of proving it's case beyond a reasonable doubt. Id. Also, the government claims that because he plead guilty to the counts contained in the indictment, he essentially was conceding and admitting to to the facts supporting the enhancements which brought his sentence beyond his statutory maximum. See Response at 7. None of the points raised in the Response challenge the petitioner's claim that his defense counsel was constitutionally deficient in failing to object based on Apprendi and the failure to present said Apprendi objection on direct

appeal.

**PERFORMANCE PRONG:** Contrary to the government's belief, the petitioner's defense counsel did render constitutionally deficient representation when failing to object to the District Court's application of the PSI enhancements. This claim is supported by a variety of different legal authority, beginning with the Supreme Court's decision in Glover v. United States, 531 U.S. 198 (2001) where the Court held that an alleged error at sentencing which resulted in a sentence increase of 6-21 months fell below the standard for objective reasonableness. Id., 531 U.S. at 203-204. The Sixth Circuit in the same manner has held where counsel fails to object [based on established law] to a finding in the PSI report regarding inaccurate enhancement calculations, such representation is objectively unreasonable. See, Arredondo v. United States, 178 F.3d 778, 787 (6th Cir. 1999).

In this case, DeFusco's defense attorney knew or should have known of the 2000 Apprendi decision. Although he might not have known at the plea hearing that the PSI recommendations would seek to increase the petitioner's sentence beyond it's statutory maximum by adding 18 levels to his statutory Base Offense Level, he has no excuse for not invoking Apprendi at sentencing after finding out the PSI and Court's intention to exceed the statutory maximum sentence. At sentencing, counsel knew the government would not have been able to prove beyond a reasonable doubt the amount of restitution attributable to each

victim as alleged in the PSI report, and also, that they would have an extremely hard time proving the perjury allegation. In fact, counsel's failure to effectively object to the perjury allegation and enhancement on Apprendi grounds or otherwise, becomes objectively unreasonable in light of the undisputed fact that he was assured by the government that the perjury issue would not be pursued if his client accepted the plea agreement. Such decision making and inadequate representation falls outside the wide range of decision latitude given to counsel under Strickland v. Washington, 446 U.S. 668 (1984).

**PREJUDICE PRONG:** Prejudice under the Strickland test is obvious in this case when reviewing the effect of defense counsel's representation on the outcome of the petitioner's sentence. If the Glover Court found 6-21 months of increased punishment prejudicial, how much more should this Court find 18 base offense levels of unproven allegations. See, e.g. United States v. Franks, 230 F.3d 811 (5th Cir. 2000)(counsel's failure to object to sentence that exceeded permissible maximum by 3 months prejudical under Strickland test). Id.

Here it is a given that Ronald DeFusco's sentence exceeded the statutory maximum by several years. Clearly more than what was considered prejudicial in Glover and Franks. Therefore, petitioner asks this Court to find that his defense counsel rendered ineffective assistance of counsel in the instant matter.

**CONCLUSION**

For the foregoing reasons, the petitioner Ronald DeFusco respectfully requests this Court to remand for re-sentencing on the Booker, Blakley, and Apprendi claim and/or vacate the conviction based upon the ineffective assistance claim consistant with any opinion reached herein.

Respectfully submitted,

6-22-05

Ronald DeFusco
#05196-070
FCI Fairton
Po Box 420
Fairton, NJ
08320

**CERTIFICATION**

This is to certify that a true copy of the foregoing instrument was mailed to opposing counsel on this the 22nd day of June 2005.

6-22-05

Ronald DeFusco