UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RONALD J. DEFUSCO

v. C.A. No. 05-157-T

UNITED STATES OF AMERICA

## MEMORANDUM AND ORDER

ERNEST C. TORRES, Senior United States District Judge

Ronald J. DeFusco has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. For the reasons set forth below, that motion is denied

## Background and Travel

DeFusco was charged in a 12-count indictment with a variety of mail fraud and wire fraud offenses arising out of a conspiracy to engage in a telemarketing scheme aimed at defrauding individuals over the age of 55, in violation of 18 U.S.C. §§ 1341, 2 and 2326.

DeFusco moved to suppress certain statements he made to the police as well as evidence seized from his house pursuant to a search warrant. After hearing the evidence, this Court denied the motion and expressed the view that DeFusco had testified falsely during the hearing.

On January 24, 2003, DeFusco pled guilty to all 12 counts pursuant to a plea agreement in which the Government agreed to recommend a sentence at the midpoint of the applicable Guideline

range found by the Court, but reserved the right to advocate for any relevant adjustments or enhancements to be applied in determining that range. (See Plea Agreement ¶¶ 3.a., 3.c.) The Government also agreed to recommend a two-level reduction for acceptance of responsibility and not to prosecute DeFusco for perjury based on his statements at the suppression hearing. (Id. ¶¶ 3.b., 3.d.)

During the plea colloquy, DeFusco acknowledged understanding that the Court was not bound to accept the Government's recommendations and that DeFusco could be sentenced for up to 175 years in prison and fined up to three million dollars. (See Transcript of Plea Hearing conducted on January 24, 2003 ["Plea Tr."] at 16-17, 21).

The Presentence Report (PSR) calculated DeFusco's Guideline range as 41-51 months based on a net offense level of 20 and a criminal history category of III. In determining DeFusco's net offense level, the probation officer used a net intended or actual loss of $392,039; increased the offense level by two levels for obstruction of justice based on DeFusco's testimony at the suppression hearing; and gave DeFusco a two-level credit for acceptance of responsibility. DeFusco's counsel objected to the amount of loss calculation; the two-level increase for obstruction; a two-level increase for use of a mass-marketing scheme; a two-level increase for targeting vulnerable victims; and the failure to

give a third level of credit for acceptance of responsibility. In addition, counsel objected to the assessment of two criminal history points based on the fact that DeFusco committed the offenses within two years after his release from confinement on a prior conviction. At the sentencing hearing, this Court rejected the arguments of DeFusco's counsel. Moreover, over counsel's objection, this Court denied DeFusco any credit for acceptance of responsibility because he had obstructed justice by giving false testimony at the suppression hearing and there were no extraordinary circumstances justifying such a credit. This increased the net offense level to 24 and the Guideline range to 63-78 months. The Court then imposed a sentence at the low end of that range.

DeFusco appealed, reiterating his objections to the manner in which his offense level was calculated and challenging the denial of any credit for acceptance of responsibility. The Court of Appeals summarily affirmed his conviction <u>See</u> <u>United States v. DeFusco</u>, No. 03-1962 (1st Cir. February 6, 2004).

**<u>The § 2255 Motion</u>**

In his § 2255 motion, DeFusco claims that his counsel was ineffective because he failed to: (1) advise DeFusco that the Court could enhance his Guideline sentence based on his untruthful testimony during the suppression hearing even though the Government promised, in the plea agreement, not to prosecute him for perjury;

and (2) adequately challenge the increases in his offense level and the assessment of the two criminal history points based on the proximity of a prior conviction.

## **Analysis**

I. The Ineffective Assistance Claims

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

1. That his counsel's performance "fell below an objective standard of reasonableness;" and

2. "A reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 688, 693, 104 S.Ct. 2052 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002). The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp.2d 276, 279 (D.R.I. 2001), citing Lema v. United States, 987 F.2d. 48, 51-52 (1st Cir. 1993).

In assessing the adequacy of counsel's performance, the court looks to prevailing professional norms. A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the

circumstances. Ramirez v. United States, 17 F.Supp.2d 63, 66 (D.R.I. 1998)(quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688).

A. Re: The Consequences of Plea Agreement

Defusco's claim that he was not informed that the Court could enhance his sentence based on his testimony at the suppression hearing is flatly contradicted by the record. As already noted, this Court expressly informed him that it was not bound by any recommendation that the Government might make with respect to his sentence, let alone a mere promise not to prosecute him for perjury. (See Plea Tr. at 16-17.)

Nor has DeFusco shown any prejudice resulting from counsel's alleged failure to inform him that the Court could take his false testimony into account in determining his sentence. In order to establish prejudice, DeFusco must "show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal quotation omitted). Given the weight of the evidence against him; the Government's agreement not to prosecute him for perjury; and the prospect of receiving a sentence up to 175 years, DeFusco's assertion that he would have insisted on going to trial is not plausible.

B. Re: The Sentence Enhancements

DeFusco's claim that his counsel failed to effectively

challenge the increase in his offense level and the assessment of additional criminal history points was rejected on direct appeal, see DeFusco, Dkt. No. 03-1962 at *1, and thus may not be asserted here. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994)("[i]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (internal quotations omitted).

Even if that claim could be asserted here, it is patently without merit. The record shows that counsel ably and vigorously objected to all but one of the enhancements referred to by DeFusco. (Sent. Tr. at 5-7, 15-19, 22-26). The fact that counsel was unsuccessful does not mean that his performance was deficient. See Lema v. United States, 987 F.2d, 48, 51 (1st Cir. 1993) ("the Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather the performance standard is reasonably effective assistance under the circumstances then obtaining.") (internal quotations omitted). While counsel did not specifically object to the obstruction-of-justice adjustment at sentencing, he could have well recognized that such a challenge would likewise have been unsuccessful, see U.S.S.G. § 3C1.1; United States v. Walker, 234 F.3d 780, 785 (1st Cir. 2000) ("When a court finds that the defendant has perjured himself, the Guidelines mandate the enhancement.")(citing United States v. Dunnigan, 507 U.S. 87, 98 (1993), and reasonably have decided not to pursue it.

See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) (counsel not required to pursue futile tactic).

To the extent that DeFusco relies on Apprendi and/or Booker, that reliance is misplaced. Booker was decided long after DeFusco's sentence became final and is not retroactive. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-533 (1st Cir. 2005) (Booker not retroactive as to cases on collateral review); United States v. Fraser, 407 F.3d. 9, 11 (1st Cir. 2005) (same). Moreover, as the Government points out, any Apprendi argument raised by counsel would not have been successful, as (1) DeFusco's agreement to the facts contained in the PSR and recited by the Government at the time of his plea obviated any need for the Government to prove those facts beyond a reasonable doubt; and (2) the criminal history points in question derived from DeFusco's convictions and confinements of record, which are likewise not subject to Apprendi-Booker requirements.

**Conclusion**

For all the foregoing reasons, DeFusco's § 2255 motion is denied.

IT IS SO ORDERED,

Ernest C. Torres

Ernest C. Torres
United States District Judge
10/10/07